BAXTER, J., Concurring.
The majority holds, in accordance with People v. Anderson (2009) 47 Cal.4th 92, 102, 115 [97 Cal.Rptr.3d 77, 211 P.3d 584], that convictions of specified sex offenses against more than one victim are an essential predicate to the jury’s authority to adjudicate the “One Strike” multiple-victim allegation. (Pen. Code, § 667.61, subds. (b), (e)(4).) Thus, once the trial court determined that the first jury in this case had hopelessly deadlocked as to all of the charged offenses involving the second victim, the jury had no legal authority to adjudicate the multiple-victim allegation. *543 Accordingly, any finding the jury purported to render as to the multiple-victim allegation “had no double jeopardy consequences, and defendant’s retrial on that allegation was not unconstitutional.” (Maj. opn., ante, at p. 536.)
I agree with the majority’s conclusion, which is sufficient to answer the question presented for review: “Whether double jeopardy bars retrial as to a multiple-victim allegation that the first jury never reached because no verdict was received, and was never resolved because the jury deadlocked on the underlying offenses?”
As guidance in future cases, I believe we should also explain what the trial court is authorized to do when, as here, a jury purports to make a finding on a penalty allegation even though the jury has hopelessly deadlocked as to the essential predicate to its adjudication of that allegation. The prescription is simple. When a jury has hopelessly deadlocked as to the offense or offenses that are an essential predicate to the adjudication of a penalty allegation, the trial court is authorized to declare a mistrial not only as to the predicate offense or offenses on which the jury has deadlocked, but also as to the penalty allegation. A jury that has deadlocked on the predicate offense or offenses “has no basis for deciding, and thus no statutory authority to decide,” the penalty allegation, and a purported finding on that allegation, whether true or not true, can have no legal effect. (Maj. opn., ante, at p. 535.) A declaration of a mistrial in such circumstances poses no “likelihood of a trial court unduly, even if inadvertently, influencing the jury to reach a particular outcome.” (Id. at p. 531.) Nor does a mistrial present a “risk of jury coercion” (ibid.), invite an inquiry “ ‘into a jury’s thought processes’ ” (id. at p. 532), or create a conflict with the “ ‘general rule’ ” that “ ‘inherently inconsistent verdicts are allowed to stand’ ” (ibid.).
The trial court here did eventually declare a mistrial as to the deadlocked counts and as to the One Strike allegation. For the reasons I have explained, the record provides sufficient justification for that ruling. (See Arizona v. Washington (1978) 434 U.S. 497, 505, 516-517 [54 L.Ed.2d 717, 98 S.Ct. 824].) Thus, jeopardy did not terminate, and retrial was not barred. (Richardson v. United States (1984) 468 U.S. 317, 325-326 [82 L.Ed.2d 242, 104 S.Ct. 3081].) Allowing retrial of the One Strike allegation in these circumstances “accords recognition to society’s interest in giving the prosecution one complete opportunity to convict those who have violated its laws.” (Arizona v. Washington, supra, at p. 509.) As the high cojirt has emphasized, “[t]he interests of the public in seeing that a criminal prosecution proceed to *544 verdict, either of acquittal or conviction, need not be forsaken by the formulation or application of rigid rules that necessarily preclude the vindication of that interest.” (Illinois v. Somerville (1973) 410 U.S. 458, 463 [35 L.Ed.2d 425, 93 S.Ct. 1066].)
Cantil-Sakauye, C. J., Chin, J., and Corrigan, J., concurred.